The opinion of the Court was delivered by
Tilghman C. J.
Jacob Frey, administrator of Margaret Berk, deceased, the plaintiff below, brought this action against John Sweigart, on his bond dated the 1st May, 1812, for the *303 recovery of ten months and six days interest, on the sum of one thousand pounds. In order to understand the points of law which have been made in this case, it is necessary that the facts on which they arise, should be mentioned. Peter Berk, deceased, died seised of certain lands, which he devised, by his will, to his wife, the said Margaret Berk, (the plaintiff’s intestate) for her life, and directed that after her death the same should be sold by his executors, John and Adam Berk, two of his sons, and the proceeds divided equally among his ten children. After the death of the testator, and during the life of his widow, the said Margaret Berk, the executors sold the land to John Sweigart, the defendant ; and a deed conveying to him the land in fee simple, was executed by the said widow, and all the children, except Elizabeth Hartung, the wife of Philip Hartung, who lived in the State of Ohio. Afterwards, on the 22d May, 1813, a certain Frederick Roads executed a conveyance of the same land in his own name, to the defendant, by a deed reciting a power of attorney from the said Philip Hartung and Elizabeth his wife. The terms of the defendant’s purchase were as follows : — He w'as to pay a certain sum, but to retain one thousand pounds in his own hands during the life of Margaret Berk (the widow) on which he was to pay her legal interest annually, viz. on the first day of April in each year, and immediately on her death, the principal was to be paid to, and equally divided between the testator’s ten children. Margaret Berk died on the 6th February, 1816, and the principal question in the cause is, whether the years interest shall be apportioned, so as to entitle Margaret Berk to interest, from the 1st April, 1815, to the 6th February, 1816. .Before I give an opinion on this point, I shall advert to several other matters, which have been assigned as error. It was made a question, whether the power of attorney from Philip Hartung and wife to Frederick Roads, authorised him to execute a conveyance of the wife’s interest, in the land sold to the defendant. And I think it extremely clear, that this power of attorney gave no authority to convey the estate of Elizabeth Hartung. A married woman cannot convey her land in any other manner than is prescribed by our Acts of Assembly. She must be examined separate and apart from her husband, and if she lives out of the State, her ac, *304 knowledgment and separate examination must be certified by the magistrate by whom they were taken, and that magistrate must be a u mayor-5 or chief magistrate, or officer, of the city, town, or place, where the writing was executed, and certified un(jer the common or public seal of such city, town, or place.” Now this power of attorney does not ..appear to have been acknowledged before any mayor, chief magistrate, or officer, but before a justice of the peace of Stark county, in the State of Ohio, who certified the same under his private seal. So much for matter of form. But if we look at the substance of the instrument, we find nothing like a power to convey land. It is no more than a power from Hartung and wife to their attorney, “ to settle with, the executors of Peter Berk, all accounts, legacies, &c. which, by the will of the said Peter Berk, or otherwise, they were entitled to receive from his estate ; and to ask, demand, and receive, the amount thereof, from the said executors, and on receipt thereof, to execute, seal and deliver to whosoever may be entitled to the same, all and every release, quit-claim, rece.ipi, or other instrument of writing, which may be necessary to secure the said executors from harm, on account of any payment which may be made by them,” See. From beginning to end, there is no mention made of land, nor are there any expressions which indicate an intention to do any thing more than to authorise the attorney to receive money, and execute proper receipts or releases. But the President of- the Court of Common Pleas was of opinion, that although the deed executed by Frederick Roads as attorney of Philip Hartung and wife was void, (in which, however, his associate differed from him, so that the Court was equally divided,) yet the title of the defendant was good for the whole land, under the deed from the other children of Peter Berk, among whom were the two executors. But this opinion is not correct, because the executors were not authorised to sell, unt.il after the death of the widow; and such appears to have been, the sense of all parties, because, if the executors had power tó sell, there was no necessity for a conveyance from the other children. The time of sale, was an important circumstance in the power given by Peter Berk to his executors. Whenever the sale was made, the land was converted into personal property, and the husband of Elizabeth Hartung had power to assign *305 ®r release his wife’s share. Besides, it might very well happen that the land might increase in value during the life of the widow, and consequently sell for more money after her death than during her life. It might be a very material injury to Mrs. Hartung, therefore, to make a sale before the time appointed by her father’s will, nor can her right be affected by a sale made contrary to the will. I am of opinion, therefore, that there was error in that part of the charge of the Court of'Common Pleas, in which the jury were instructed that a good title to the whole land was vested in the defendant, either by the deed from Frederick Roads, or the deed from the children of Peter Berk.
The defendant offered in evidence, the entries in the docket of Henry Smith, esq. a justice of the peace, to shew, that a suit was brought by the plaintiff against the defendant, before the said justice ; but the Court rejected the evidence, to which the defendant excepted. The object of offering this evidence was, to shew, that the plaintiff did not suppose that he was entitled to recover from the defendant more than 100 dollars, otherwise he would not have brought suit before a justice, whose jurisdiction was confined to 100 dollars. But I think the evidence was properly rejected, because the plaintiff did not obtain a judgment, but withdrew his action, and paid the costs. It is immaterial what the plaintiff thought, when he commenced the action before the justice, nor is it possible to know what he thought, or why he withdrew the action. No legal conclusion is to be drawn from so imperfect a proceeding.
The defendant offered also the docket entries of another action, brought by Daniel Berk against the defendánt, before the same justice. This also was-rtjected by the Court, and in my opinion, rightly, because it was not an action between the plaintiff and the defendant in this suit.
We come now to consider, whether the plaintiff is entitled to that part of a year’s interest which accrued between the 1st of April, 1815, and the time of the death of Margaret Berk. The consideration of the bond, was, a tract of land purchased by the defendant, which had been devised by Peter Berk to his wife Margaret for life, with directions to his executors to sell it, on her death, and divide the proceeds of the sale equally among his ten children. The widow and *306 children came to an agreement to sell the land in her lifetjme . an(j ¡n consideration of her joining in a deed to the defendant, she was to receive the interest of 1000 pounds . , . ,. , , , . . . during her lite, and immediately on her death, the principal sum 1000 pounds was to be paid to the children. The clear intent was, therefore, that interest should be paid to the widow during her life, and cease immediately on her death. If she is not to receive it during this fraction of a year, it will be pocketed by the. defendant; for the children can have no pretence to it. The only objection to the plaintiff’s claim is, that the interest is payable yearly; but I apprehend that in equity,' in a contract like this, the interest accrues from day to day. The British Legislature interfered by Statute, (1 1 Geo. 2 C. 19, sec. 15,) and made" an apportionment in case of certain rents ; and Courts of Equity have been much inclined to follow the example of that Statute in other cases j because apportionment is generally equitable. Money in the funds, and rents not provided for by the Statute, are 'among the few cases which have hitherto been deemed not subject to apportionment. Where, by marriage settlement, the maintenance of daughters was made payable half yearly, until the portions became payable, which was at the age of eighteen or' marriage, and a daughter attained her age of eighteen, before the day of the half yearly payment, equity decreed an apportionment. Hay v. Palmer, 2 P. Wms. 501. I apprehend, that the rule is the same, where provision is made for a widow. And considering the circumstances and family agreement in this case, to which the defendant was a party, it was, in truth,, a provision for a widow for her life, for which she paid a valuable consideration. She conveyed to the defendant; and the defendant has enjoyed, during her life, an estate in land, for which he agreed to pay the interest of 1000 pounds yearly. This is the substance of the , agreement; and I have no doubt that it is a case of apportionment.
, Another objection has been mafde to the plaintiff’s recovery^ viz.: that the bond, on which.the suit was brought, was given to the widow and ten children jointly j and therefore the action should have been in the name of the survivors. Had the whole matter been placed on the record, I do not see how the plaintiff could have recovered. But it is not., *307 The plaintiff filed a statement under the Act of Assembly, in which the bond and condition are not fully set forth ; and the defendant pleaded payment, without praying oyer; so that it does not appear on the record, that any of the obligees were living. Nor was the opinion of the Court below asked, or given, touching the form of action. It is neither the duty, nor the inclination of this Court, to be astute in discovering objections to judgments which have been rendered after trial of the merits. We do not think, therefore, that we are bound to take notice, or can take notice, of the fact, that some of the obligees are alive. Nevertheless, as this judgment must be reversed, and upon a second trial, the defendant may bring such a case before the Court, as will'throw insuperable difficulties in the way of the plaintiff’s recovery, it may be worth while for the learned counsel for the plaintiff to reflect, whether it may not be the safest course to discontinue the present action, and bring another in the name of the surviving obligees, in which a recovery may be had, not only of the money due to the plaintiff, but also to all the children who have not received full satisfaction on the bond of the defendant. One judgment for the penalty, may be entered, so as to secure a recovery for all those who appear to be entitled to payment, by the condition of the bond. Justice may then be done to all parties. The case of the widow is distinguishable from that of the children. Against her, the defendant has no equity, on account of the outstanding title of Elizabeth Hartung. With respect to her, there is no failure of the consideration of the bond. An estate for her life in the whole land, passed from her, and has been enjoyed by the defendant, for which he ought to pay the price stipulated in the condition of the bond, viz.: at the rate of sixty pounds a year.
Judgment reversed, and a venire facias de novo awarded.