The opinion of the court was delivered by
.Huston, J.
Peter ‘Osborn, by his will dated 4th of June, 1S13, devised a plantation to his son Joseph, and to his wife Elizabeth, the house in which he lived, with the garden, &c., to be enjoyed by her during her natural life, and then to his son Joseph in fee; he also gave to- his wife certain furniture, as much -fruit growing on the place as should be sufficient for her usei also her firewood, and a.horse to be kept for her, and then adds, “ I do further give and bequeath to'my said wife, the sum of one hundred dollars, to •be paid to her out of -my estate, yearly and every year during her, life, and also the further sum of fifty dollars to be paid to her in one month after my decease, all which devises and bequests are given to my said wife in lieu of her dower,” and charged this annual sum on the plantation devised .to his son, who was also his executor. ■' , ‘ ■ -
The descendant is executor and devisee of Peter Osborn, and has assets to pay all the debts and legacies.
Peter Osborii, the testator, died the 16th oí May, 1814.
Elizabeth, the wddow, died the 22d of March, 1824; so that there was a fraction of ten months and eight days elapsed, after the last payment, on the 16th of May, 1823.
The single-question was, whether the plaintiff below could recover the portion or part of the sum of one hundred- dollars, as due at the death of the widow. The Court of Common Pleas decided, that he was entitled to recover it.
In .England, the land in case of intestacy, gpes to'the'heir at law, Or to the devisee in ease of a will. The personal estate in the case of intestacy is distributed; and in case of a will, goes as bequeathed; and surplus not disposed of, goes to executors generally.
In this state, all the children are equally heirs of real estate, in case of intestacy, and an executor is trustee for all the children of any surplus, after paying debts and legacies. It is obvious, then, that it may often be material in that country, whether rent or annuity charged on lands,1 goes to heir or to executor, when *173 under the same circumstances, it would be perfectly immaterial here. Hence, we have fewer cases on the subject of apportionment brought before our courts'.
Until the statute of 11 Geo. 2, rents were not apportioned; and it has been held in England, that the statute does not-extend to annuities. ' ■ •
But it has been settled in that country, that an annuity for the support of daughter's, is apportioned and is to be . paid up to the death of the daughter, or to the period when the annuity is,to cease. / . -
So also an annuity to a wife for her separate maintenance, has' been apportioned, and decreed, that the fraction occurring between the last day of payment and her death, is to be paid.
Dower lasts during the life of widow,, and it would.be strange, that what is accepted instead of it should not last as long. It would be strange that what is given to maintain a child, though payable at specified periods, or to support a wife separated from' her husband, should each run on to the.time of the death, and a like provision.for a widow should determine before her death. Debility, sickness, increased expense, and additional wants often precede death; and on the. ground of intention, no testator ever designed, that the last hours of his widow and her funeral should depend on charity. ' ' -
The widow may always reject the devise, and claim her dower: her title to the bequest depends on her giving up her dower, which would last till her death: she then may be'considered a purchaser of the annuity, till the-same period, when her dower would cease. . ' ‘ , .
In case of intestacy and valuation, or partition of the lands, her share is left in the lands,and charged on them bylaw, and the interest to be paid annually; and is recoverable, if not paid,'is expressly' in lieu of dower, and is always payable up to the day of the death of the widow.
I consider this matter as settled in this court -in Sweigart v.Feay, 8 Serg. & Rawle, 299. It is always intended as a provision for life: it is such in-its nature, though generally made payable at'a stated period; yet this is done to prevent the trouble and irritation which would arise from a weekly or daily demand.
Judgment affirmed.