RAMSDELL (COX v.). See Case No. 3,305.

---

## Case No. 11,546.

### RAMSEY et al. v. HERNDON.

[1 McLean, 450.] [2]

Circuit Court, D. Indiana. May Term, 1839.

JUDGMENT—RES JUDICATA—TRIAL ON MERITS.

1. Where a verdict has been rendered against the plaintiff, and a judgment thereon has been

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

entered, it is a bar to a suit for the same cause of action.

[Cited in Gray v. Gillilan, 15 Ill. 456, 458; Greenup v. Crooks, 50 Ind. 420. Cited in brief in Stevens v. Hughes, 31 Pa. St. 382.]

2. And a replication that the evidence was wholly insufficient to establish the claim, or that no evidence was offered or received by the court, will not avoid the bar.

[Cited in brief in Ford v. Hennessy, 70 Mo. 582; Spradling v. Conway, 51 Mo. 52. Cited in Vanlandingham v. Ryan, 17 Ill. 28.]

3. The plaintiff should have suffered a non suit, or moved for a new trial.

At law.

Mr. Ingram, for plaintiffs.

Mr. Howard, for defendant.

HOLMAN, District Judge. This is an action on the case founded on promises. The declaration alleges that the defendant made his certain note in writing, bearing date the 12th day of September, 1833, and thereby promised to pay the plaintiffs [Ramsey & Vattier], ninety days after date, the sum of $1,279.77 at the office of the Bank of the United States at Cincinnati, yet he had not paid, &c. The defendant pleads non assumpsit. And also that the plaintiffs heretofore instituted a suit against him in the Tippecanoe circuit court, for not performing the same identical promises and undertakings which are set forth in the declaration in this case; on which an issue of non assumpsit was joined. Which issue was tried by a jury regularly impanneled in said court, and a verdict found for the defendant. And a judgment thereon rendered in his favor for costs, &c. That said judgment remains in full force, &c. The plaintiffs reply to this plea, "that the promises and undertakings in the plaintiffs' declaration were not, nor was any part thereof before the jury as evidence in the trial of the cause mentioned in the defendant's said plea." To this replication the defendant demurs.

The question for our decision is whether under these circumstances, the plaintiffs are now barred from maintaining this action. The general principle of law, "Nemo bis vexari pro eadem causa," seems not to be controverted. That wherever a matter of litigation has been once adjudicated and determined by a competent tribunal, it precludes another action for the same demand. And this principle prevails, where a different form of action is resorted to in the second instance. As was the case in Cutter v. Cox, 2 Black [67 U. S.] 170. And Kitchen v. Campbell, 3 Wils. 304. Where the same evidence is required to support both actions, the decision of the one is a bar to the other, although the forms of the actions differ, and one is in tort, and the other in contract. It seems to be admitted by the plaintiffs, that if their evidence had been before the jury in the former action, that the judgment in that action, would have been a bar to this. But they contend inasmuch as they gave no evi-

dence of their demand to the jury in the former action, that they are not now precluded from proving and recovering their demand. We have seen no case that authorizes this conclusion. We are unapprized of the merits of the case farther than appears from the pleadings. But if the plaintiffs have a just demand, and were by accident, surprise or mistake, unable to have their evidence before the jury in the former action, and so lost their cause, the case is evidently one of great hardship, but we are not able to discern any way by which they can be relieved in this action without a violation of the long established principles of jurisprudence.

In the case of Markham v. Middleton, 2 Strange, 1259, the plaintiff in executing a writ of inquiry, was unable to prove his demand before the jury, and obtained a verdict for nominal damages only. This inquest on motion was set aside by the court, at the plaintiff's costs; on the ground that if the verdict stood it would bar any future action for the same demand although no evidence had been given to the jury. The court in that case observe, that if the defendant had pleaded, the plaintiff might have suffered a non suit, and so have prevented the passing of a verdict to bar a future action. And Lord Kenyon, in Seddon v. Tutop, 6 Durn. & E. [6 Term R.] 607, recognized the doctrine of this case, and held that if the verdict had stood, it would have barred another action. The recognition of this principle by Lord Kenyon in the case of Seddon v. Tutop is the more worthy of notice, because that case is introduced to prove a contrary doctrine. The case was this: The plaintiff's declaration, contained two counts, one on a note and the other for goods sold. He had judgment by default, and on executing his writ of inquiry he was unable to prove the count for goods sold, and took a verdict for the note only. He afterwards brought another action for the goods sold. The former recovery was pleaded in bar, to which it was replied that the promises were not the same for which the former judgment was rendered. Issue was taken on this replication and a verdict was given for the plaintiff. On a motion to set aside the verdict, the court held that the plaintiff was entitled to recover. Lord Kenyon in giving this decision seems aware that he is approaching dangerous ground. He says: "This is a question of great delicacy. We must take care not to tempt persons to try experiments in one action, and when they fail, to suffer them to bring other actions for the same demand. The plaintiff who brings a second action, ought to show, beyond all controversy, that the second is a different cause of action from the first in which he failed." And in referring to the case of Markham v. Middleton, he observes: "That case was extremely different from the present. There the plaintiff had but one demand, and though the jury gave inadequate damages, on account of the plaintiff not being prepared with proof of his whole bill, he would have been bound by that verdict if it had stood."

Looking at those two cases in this point of view, we cannot hold the case of Seddon v. Tutop as conflicting with the principle laid down in Markham v. Middleton. In the case of Snider v. Croy, 2 Johns. 227, the plaintiff brought an action of trespass, for killing a mare. Defendant pleaded a former recovery. The plaintiff in his replication set forth, that in the former action, the declaration in the same count alleged a trespass, by the defendant, on one day in injuring one of his horses, and another trespass on a different day in killing another of his horses. On the trial the court would not permit him to give evidence of both trespasses under the same count, and compelled him to elect for which he would proceed. He elected to proceed for the injury done to the horse that survived, and recovered damage, and this action for the one that was killed, for which under the order of the court he had given no evidence on the former trial. On demurrer to this replication, the court held that the former recovery was no bar, as that was for a different cause of action from the present. We are not disposed to question the correctness of this decision, but we cannot conceive that it supports the position taken by the plaintiffs in this case, or is any authority for maintaining a second action for the same identical demand which has been once before a jury, and a judgment has passed upon it.

Hard as this case may be, we see no ground of relief to the plaintiffs in this action, and feel constrained to adjudge the replication insufficient.