## CANDEE & SCRIBNER *vs.* CLARK & BROWN.

Plaintiffs having recovered a valid judgment in a Court of Record in Ohio, against *one* of the defendants on a promissory note signed by the defendants in their partnership name, brought their action on the same note against the defendants in this State. The defendants set up in defense the rendition of the judgment in Ohio.

*Held,* That the judgment in Ohio, although against one of the defendants only, was a merger of the note, and extinguishment of the joint liability of the defendants, and that either defendant might avail himself of such extinguishment in bar of a recovery in a suit subsequently brought on the note against both.

Case reserved from Wayne County Court.

Candee & Scribner *vs.* Clark & Brown.

An action of assumpsit was brought by the plaintiffs in this case, in the County Court, on a promissory note, signed by the defendants, in their partnership name of "Clark & Co."

Both of the defendants appeared, and pleaded severally the general issue, and also severally gave notice, &c., of the rendition of a judgment in the Court of Common Pleas, of Cuyahoga County, Ohio, against defendant Brown, on the same note, &c.

By a written stipulation, filed in the cause, the execution of the note, the partnership of the plaintiffs, the partnership of the defendants, and the legal authentication of the record of judgment against Brown, on the note in Ohio, were admitted. It was also admitted, that at the time of the commencement of the suit in Ohio, defendant Clark was a citizen of Michigan; and that this suit is brought upon the same note upon which judgment was rendered in Ohio.

The cause being submitted, the Judge of the County Court reserved the same for the opinion of the Supreme Court on the following points:

*First,* Under the facts disclosed by the pleadings, stipulation and record of judgment, can the plaintiffs recover against the defendants.

*Second,* Can the plaintiffs enter a *nol. pros.* against defendant Brown and proceed in the cause against defendant Clark.

*Howard & Mandell,* for plaintiffs.

*Wells & Cook,* for defendants.

By the Court, PRATT, J.

The note upon which this suit is brought, having been executed by the defendants in their partnership name, is a *joint,* and not a *joint* and *several* contract. The plaintiffs therefore, in order to maintain the action, must show a valid and subsisting contract against both of the defendants. Is the note such a contract? Certainly not, if the judgment rendered upon it in Ohio is valid. The validity of that judgment is not controverted; hence, while it remains unreversed and in full force, it is by every principle a legal *merger* of the note. (2 *John. R.,* 210; 18 *Ib.,* 477; 13 *Mass. R.,* 148; 1 *McLean,* 450; 2 *Ib.,* 168; 1

*Mason R.*, 315; 17 *Conn. R.*, 429; 1 *Peters R.*, 306; 3 *Story* 646.

If the plaintiffs have lost their right of action in this cause on the note against Brown by reason of the rendition of the judgment in Ohio, it is clear that the original joint liability of the defendants is at an end; the note being no longer a valid subsisting contract against both. It is no matter whether the original joint liability of the defendants on the note has been extinguished by operation of law, or by the voluntary election of the plaintiffs in proceeding, under the provision of the statute of Ohio, to judgment against one of the defendants only: the legal effect is the same. In either case, the defendants, or either of them, may lawfully avail themselves of such extinguishment in bar of a recovery in a suit subsequently brought against both on the same demand.

When the plaintiffs, elected under the provision of the statute of Ohio, to proceed to judgment on the note, against Brown alone, they voluntarily and legally released their security on the note, as against Clark; hence, the judgment is a merger of the plaintiffs entire claim. Such must necessarily be the legal effect of their proceedings in that Court, under the statute of that State. The judgment in that Court is not a nullity, nor can it be judicially so regarded. It would indeed, be most extraordinary if the plaintiffs, after having recovered a judgment on the note, in one Court of competent jurisdiction, could at will repudiate it, and treat it as a nullity, for the purpose of prosecuting the same demand to judgment, a second time.

The plaintiffs cannot in this cause enter a *nol pros.*, as to defendant Brown, and proceed to judgment against defendant Clark. They have no *several* demand against Clark on the original note, if it had not been merged in the judgment.

Certified accordingly.

# CASE

## ARGUED AND DETERMINED

### IN

# THE SUPREME COURT

#### OF THE

## STATE OF MICHIGAN.

### JULY TERM, 1851.

PRESENT:

HON. C. W. WHIPPLE, Chief Justice.
HON. WARNER WING,
HON. SANFORD M. GREEN, } Justices.
HON. ABNER PRATT,