Robertson, J.
—The reply in this case is confined to simply putting in issue the facts set up in the answer, and did not claim any estoppel of any kind. It was formerly the rule, that the benefit of an estoppel must be claimed in pleading; otherwise, the whole matter was open to re- *626 inquiry. (Kilheffer v. Herr, 17 Serg. & Rawle, 319, 322.) It is possible no reply was necessary in this case; and, therefore, the plaintiffs may not be precluded by having put one in without claiming the estoppel; but it • is not a question free from doubt.
It is evident that the admission and exclusion of the evidence, objected to or offered on the trial, raise the question whether the judgment and execution in the previous action estopped the defendants, in this suit from setting up the title of the goods, for whose proceeds this action is brought .to be in Sweet at the time of the commencement of this action; that being really the question under the pleadings, and not whether they were his at the time of the trial. Such question of estoppel requires a careful examination of the nature of the judgment in that action, and the mode in which it operates on parties and privies, so as to estop them from setting up any of the same matters in any other action. It will be found, on such examination, that unless such judgment operated as 'res judicata upon tlje title of Sweet, and the right of the defendants in this case, as claiming under him, its posteriority to the commencement of this suit will be material in reference to such rights.
I assume that the defendants had a right to set up title in Sweet, and a liability to him for disposing of his goods without his consent, although they received them from the plaintiffs and promised to account for them, otherwise there would be an end of the case; for. this lies at the basis of the defenses. The real question between the parties was, whether Sweet owned the "goods at the time of the commencement of this suit. It might admit of some doubt whether, if Sweet now sued the defendants for the value of the goods, he would not be precluded by his judgment against Sherwood; but the question is, whether he would have been so when this action was commenced. If Sweet had a choice of remedies against Sherwood, he would not be bound by any action' brought by him to obtain any one until judgment in such action; because, until the trial, he had a right to discontinue on paying *627 costs; (Averill v. Patterson, 10 How. 85 ; Schenck v. Fancher, 14 Id. 95 ;) and the form in which he alleged the wrong to have been done him, in the discontinued action, could not bind him in a second action. At least, no case has yet gone that length. (Hull v. Blake, 13 Mass. R. 153, 155 ; Sweigart v. Frey, 8 Serg. & Rawle, 299, 305.)
The first question arising-on such former judgment is, in what way does it preclude the defendants from proving the truth as to the title ? Clearly, not as an adjudication upon any litigated matters. There is no allegation in the pleadings in such action respecting the title to the goods claimed. If it had been material, it would have been alleged by the defendants in that action, that Sweet owned the property, which would necessarily have been denied by him, to enable him to recover for complete non-performance of the contract by Sherwood. If the decision on such an issue had been that he had no title, it would have been a decision in his favor; not against him. Would the plaintiffs in this suit have been bound, in such case, by a finding in favor óf Sherwood, under whom the plaintiffs claim, that Sweet had title ? Upon no pretense can such judgment be made an adjudication upon any question to bind the defendants, who were not parties or privies, or even notified of its existence; and who "were powerless to intervene therein for their own protection.
But it is urged that the defendants are estopped by the conduct of Sweet, in bringing his action in the form in which he did, carrying it to judgment, and charging Sherwood in execution. If so, it would plainly be by his act in pais, and not by any judicial action of the court in which the action was pending, that the estoppel would be wrought; if, indeed, the term “estoppel” is ever appropriate to any act but those of the parties to it. (See Kilheffer v. Herr, ubi sup. ; Marsh v. Pier, 4 Rawle, 273.) If so, unless the mere bringing of the action in the form in which it was brought, destroyed all claims to the wool in question, the taking of the judgment and issuing of execution in such action were purely the acts of Sweet, and *628 could not alter the defendants’ rights as they stood at the leginning of this action. The form of the complaint in such action was ambiguous, and admitted of a recovery by Sweet, either of damages for non-performance of the contract by Sherwood; or of the money advanced by him to the latter to enable him to buy the wool in question, upon a rescission of the contract which Sweet had a right to make in consequence of Sherwood’s failure to perform it. If Sweet afterwards elected to take damages for the non-performance of the contract, he might have recovered the value of the wool which Sherwood was bound to deliver; and, possibly, the money advanced might be assumed to be the value of such wool. But, in fact, the referee gave judgment, as Sweet elected to take it, for merely the money advanced by him, and interest from the time of the advance; thus considering the contract as rescinded. Sweet did not allege in the complaint, that the wool was not his; and if he had chosen to confine his claim to damages for not forwarding the wool to him after it was bought, thereby reserving to himself a right of action for the goods, as his property, he might have done so under the state of facts set out in such complaint. It was, therefore, by virtue of the claim before the referee of the money advanced as damages, and the judgment obtained thereupon, that Sweet debarred himself of any claim to the goods; and not by the form of the summons, or complaint in the action. But until Sweet determined of which remedy he would avail himself, and what damages he would demand, he had a right to discontinue such action, and sue the defendants for the wool in case it belonged to him. The fact that Sweet, by his claim for damages, precluded himself from claiming the goods in February, 1860, by the judgment in his favor, does not help these defendants, who might be rendered liable in this suit for the proceeds received by them, and costs in consequence of Sweet’s claims. When the defendants were sued in this action, and set up their defense, they had no means of knowing what course Sweet intended to pursue; *629 and, therefore, they conld only defend themselves by compelling the plaintiffs to make out their title to the goods; not by an unanticipated future action or election of Sweet, but by the facts, as they existed at the time of the commencement of this action. It is possible that the defendants might not be able to make out, by evidence, that the wool was Sweet’s when this action was commenced'; but they were entitled to make the attempt without being barred by his subsequent conduct; and if they can prove acts of acceptance by him, there is no reason why they should be prejudiced by the neglect of Sherwood.
The plaintiffs commenced this action at the risk of being obliged to make out their case, and allowing the defendants to make out theirs by evidence at large. They can derive no benefit from an estoppel after it was commenced in favor of Sherwood.
I think, therefore, the defendants should have been allowed to introduce evidence to make out their second and third defenses if they could; that the act of Sweet, in conducting his action against Sherwood to judgment, and thereby terminating his election, after the commencement of this suit, was not an estoppel against the defendants and in favor of the plaintiffs; and that the judgment in such action was therefore not a bar to the defendants’ defense in this.
The judgment should be reversed, and a new trial granted, with costs to abide the event.
Hoffman, J.
—Sweet entrusted Sherwood with money to purchase wool, to be delivered for the use of the latter, Sherwood receiving compensation in one or other of the modes prescribed. Sherwood having used the money in buying wool, and misapplied a considerable portion of such 'wool, Sweet sued him, and recovered judgment for the balance of the money advanced; allowance being made for the value of the wool properly delivered. The action *630 was entirely for a money demand; “ the recovery of money only.” (Code 129, sub. 1.)
The-Chief Justice in his opinion on a motion for a new trial says: “ It seems to me clear, upon elementary and fundamental principles, that the action which was brought by Sweet against Sherwood, and the recovery of judgment therein, estop Sweet from claiming property in the wool bought with the moneys, for which such judgment was recovered. All causes of action based on the transaction are merged in the judgment. Beale and Adams’ defense is based solely on the right of Sweet to claim the proceeds of the wuol as against the plaintiffs; and if he cannot sustain -such a claim, they have no defense.” With these views I entirely concur. I shall refer to a few authorities.to support their correctness.
The general rule is not to be questioned, that a judgment in a case in-which the parties’ cause of action has been litigated, or was raised, and could have been litigated, is a bar to any future litigation of the same point, between the parties' or privies.' It makes ho difference that the object of the first suit was different from that of the second, that is, that a different relief was sought. (Kingsland v. Spalding, 3 Barb. Ch. R. 341, and cases, especially Betts v. Starr, 5 Conn. Rep. 550. See also Ramsey v. Hemdon, 1 McLean, 450.)
It is a bar where the claim is attempted to be used as a set-off, as well, as where it is to support an action. (Jones v. Richardson, 5 Metcalf, 267.)
In Burnett v. Smith, (4 Gray, 50,) the defendant, when sued upon a promissory note, set up false representations as to the value of the goods for which it was given, and succeeded in reducing the recovery, he was held to be barred from any action for damages for the false representations. The court say: “ The principle of waiver of right to an action, is familiarly applied in cases of tortious taking of personal property when the same has been sold, and the avails come to the use of the tort feasor.
“ The party claiming the property has.the election either *631 to sue in trover, or to institute Ms action for money had and received: but in case of a resort to one of these remedies, and a failure to recover at all upon the merits of the v case, or a recovery of inadequate damages, he is then precluded from resorting to another action, though of a different species, to recover damages for the same injury. The evidence upon which the case of the party is to be sustained, is competent in either form of action, and once offered the verdict thereon is conclusive.”
And nothing can be more explicit upon the subject than the language of Justice Bronson in Nicholl v. Mason, (21 Wend. 339.)
There are exceptional cases to this rule, such as where the whole cause of action or right between the parties to the record, is not, and cannot be determined in the action brought, on account of particular rules governing it, or otherwise; or again, where a new action may be had against a new party for the same cause.
Thus in Arnold v. Arnold, (17 Pick. 4,) it was ruled, that a judgment in trespass quare dansum freqit cannot be pleaded in bar to the demandant in a writ of right, even although in the former action, the right of possession and entry, depending on the right of property, was put in issue.
The line of reasoning of Mr. Justice Putnam shows, that to support the plea, would be to efface the distinction universally established between real actions, which relate to the right of possession, and those in which the right of property is to be determined. And he puts the case as to personal property, of a horse taken without consent and sold, and the money applied to the taker’s use. The injured party may have trespass, or assumpsit for the proceeds. Either action is for the saíne cause, the taking and appropriation. If he brought trespass and failed, he would be precluded from assumpsit.
The case of Osterhout v. Roberts, (8 Cowen, 43,) which is relied upon by the plaintiff’s counsel, only decides that where trover was brought against A., and proceeded to judgment and imprisonment on a ca. sa., it was not a bar *632 to another action of trover against B. for the same property. The case bears very little upon the question here. Nothing short of satisfaction was sufficient to change the property.
The case of Hyde v. Noble, (13 N. Hamp. R. 494,) is the strongest I have met with in favor of the plaintiff. But even there, the learned judge says that the judgment against Kenniston (the bailee in the case,) cannot be regarded as an affirmance of his acts, as it might have been had the action been assumpsit to recover the money he «received upon the sale. So far from a ratification of his acts, the action against him treats them all as “ tort feasors.”
I cannot doubt that the ruling upon this point was correct as matter of law.
Do the facts and dates of the respective actions make a difference ?
On the 14th of July, 1858, Sweet commenced his action; his complaint was served the 1th of September, and answered the 15th of December. Judgment was entered the 14th of February, 1860.
On the 3d of November, 1858, the present action was commenced. On the 4th of December the answer was put in, and on the 14th of June, 1860, the trial was had.
The defendants had the task of proving that the notice to them of Sweet’s claim was a valid defense to the plaintiff’s demand. When it was shown that Sweet could not recover, their defense failed. The facts showing that failure were not necessarily to be set up in a pleading. His action of the 14th of July, 1858, was the election to take the particular remedy, and was never abandoned, but prosecuted to judgment, and was. taken before the commencement of the present action.
Again, it is observed by the Chief Justice that the imprisonment of Sherwood on the ca. sa. is a satisfaction of the judgment in such sense, that while the imprisonment lasts, no proceeding could be taken against his property.
The Supreme Court of the United States held that the *633 taking of a defendant’s person under a ca. sa. “operates as a satisfaction of the debt, and for that reason deprives the creditor of all recourse to the lands or property of any description belonging to the debtor.” (Magniac v. Thomson, 15 How. U. S. R. 281 ; Snead v. McCoull, 12 Id. 412.)
In our State, it has been repeatedly decided that as long as the imprisonment continues, there is a virtual satisfaction of the debt and judgment. It is a perfect defense to an action upon a joint liability of another with the imprisoned debtor. By force of a special statutory provision, if the party imprisoned die, or is discharged as an insolvent, his property may be resorted to. (Chapman v. Hatt, 11 Wend. 41 and cases.)
But without examining this point further, we are clear as to the sufficiency of the one before stated to sustain the decision.
The judgment should be affirmed with costs.
Bosworth, Ch. J.
—My brother Hoffman has reached the conclusion that the judgment in this action should be affirmed, and my brother Robertson that it should be reversed.
The conclusions of the latter seem to be based upon the assumption that the defendants’ rights are different from what they would have been if the judgment in favor of Sweet against Sherwood had been rendered before this action was commenced, and that the exception taken raises this question; and that on the facts as they are alleged to have existed when this suit was commenced, proof of the defense pleaded in this suit was admissible; although it might not have been if the facts, as they existed at the trial, had existed when this suit was brought.
I think the case before us furnishes no warrant for this assumption. There was no objection to the admission in evidénce of the record of the judgment in the suit of Sweet against Sherwood, except the objection “ that it was not duly authenticated, and that the judgment should be proved by the original roll on file, or by an exemplified copy.”
*634 The decision excepted to was, “that' the facts thus proved constituted a bar to the defense set up in the answer, and precluded the defendants from proving such defense, and that no evidence could be offered under it and evidence of “the allegations contained in the second and third defenses of the answer ” was excluded.
No suggestion was then made, nor is any contained in the points of the defendants on this appeal, that the case presented any question except as to the force and effect of the facts proved, viz: the recovery of the judgment by Sweet against Sherwood, and the imprisonment of the latter under the execution issued on such judgment.
There having been no objection to the plaintiffs making proof of the facts which, they insisted, were an answer to the matters alleged as the second and third defense, and the decision excepted to being one as to the force and effect of such facts, the only question raised by such exception is the accuracy of such decision. (Belknap v. Sealey, 4 Kern. R. 147, 148.)
If there could have been any question made as to the admissibility of evidence to prove such facts,- under the pleadings as they stood, none was raised, and if any had been made, the court' was competent to modify them so as to make the evidence admissible, upon such terms as it deemed just. No question, therefore, can now be made of the plaintiffs’ right to prove the facts that were proved, and to- have the benefit of their due legal effect.
These defendants, it must be remembered, have entered into no contract with Sweet, and have no rights derived from him. Their contract is with the plaintiffs, and the question is whether they are absolved from performing it by the matters stated in their answer.
The answer to those matters is, that as early as July 14, 1858, Sweet, in the most formal and solemn manner, by the institution of a suit against Sherwood in a court of record, declared his election to repudiate the use which Sherwood had made of the money furnished, and his acts as agent *635 of Sweet, if agent he could be called, and to have a return of his money, with the interest thereon.
That relief, in his judgment, might be preferable and more beneficial than a successful pursuit of the proceeds of the wool, or a judgment against any one, or all, who might have been charged with the conversion of it. On the Ith of September, 1858, he verified his complaint, and the relief it prayed for is a judgment for the balance of the money not accounted for, with interest.
The present action was hot commenced until the 3d of November, 1858. Over three months prior to that, Sweet had taken his position as between himself and Sherwood, and had been seeking to enforce it by an action at law; a position which renounced all obligation to take the wool, and all right to it; a position to which he has at all times since steadily adhered, by prosecuting his action to judgment, and the imprisonment of Sherwood’s body on an execution issued on such judgment.
There was no reason, 'therefore, when this action was commenced, why the defendants should not have paid to the plaintiffs the proceeds of the wool in their hands, according to their contract; and nothing occurred between that time and the trial exempting them from that obligation.
For these reasons, and those assigned for denying the motion made at special term for a new trial, I think the judgment should be affirmed.
Ordered accordingly.