## Joseph F. Bonesteel v. Albert Todd, impleaded with Another.

A judgment rendered under the joint debtor act, in form against two joint debtors, one only of whom was served with process, is not an extinguishment of the demand sued upon.

Where, therefore, a suit was brought in the State of New York against two joint debtors, one of whom was not served with process, and did not appear in the

BONESTEEL *v.* TODD.

suit, and judgment in form was rendered against both, *Held,* that an action brought subsequently in this State, against the two, was properly brought upon the original demand instead of upon the judgment.

*Heard October 16th and 17th. Decided November 20th.*

Error to Washtenaw Circuit Court.

Bonesteel brought an action of covenant against Albert Todd and John S. Jacox, to recover the rent reserved by a lease bearing date May 1, 1852. Todd alone was served with process. He pleaded the general issue, and gave notice, among other things, of a former suit in bar, upon the same lease, in the Supreme Court of New York, in which judgment was rendered in form against Todd and Jacox jointly, on May 25, 1855, after personal service upon Jacox alone.

On the trial before the court without a jury, the plaintiff having established an affirmative case, and rested, the defendant gave evidence of the judgment mentioned in his notice, and the court held the same to be a bar to this action, and gave judgment for the defendants.

Certain objections which were made to the form of the judgment it is unnecessary to notice.

*L. D. Norris,* for plaintiff in error:

The court erred in holding the alleged judgment a bar to this suit. The courts of New York have refused to decide *directly* whether an action of debt can be brought in their courts on such a judgment; *in* effect they hold such judgments nullities: — 4 *N. Y.* 513; 11 *N. Y.* 500. Later, they have also decided this identical case, to wit: "when joint debtors reside in different states, they may be sued separately in the states having jurisdiction of their respective persons and property, and a judgment in such cases against one in one State is no bar to a recovery against the other in another State :" — 29 *Barb.* 549.

That this, or any other judgment, has *any* force in

this State, as a bar, or otherwise, is owing to the "faith and credit" courts are called upon to give it, by the act of Congress of the 26th May, 1790; but the Supreme Court of the U. S. has expressly decided that a judgment in a State Court (N. Y.) under their joint debtor act, is *not* entitled to "faith and credit" within the U. S. against a joint debtor not served: — 11 *How.* 165.

And accordingly state courts have never given "faith and credit" to judgments rendered under joint debtor acts of other states, against defendants not served or appearing: — 17 *Conn.* 500. The courts of nearly every State in the Union hold that a judgment without personal service upon the defendant or defendants, or appearance by him, or them, is entitled to no "faith and credit" in any other State — is in fact void. If void as to Todd (being a joint judgment) it is also void as to Jacox: — 6 *Pick.* 232; 2 *Am. Lead. Cas.* 712—45, *cases collected.*

*H. J. Beakes*, for defendant in error:

The judgment, unless the former decisions of this court are to be disregarded, is a bar to this suit: — 4 *Mich.* 316; 2 *Mich.* 255. There can be no doubt that it is a valid judgment in New York: in other words, not a nullity. But the question here is one of *remedies*, and not of rights, and must be determined by the laws of this State. On this question, the New York judgment must be held to produce the same results, by way of extinguishing the original claim, as if rendered here: — *Story Confl. L.* § 609; 1 *Hill*, 482. As our courts hold that, for all the purposes of a remedy, such a judgment merges the original cause of action, it is immaterial what the New York courts hold.

Upon principle, this suit can not be maintained unless plaintiff has a right of action upon his original demand against both defendants. But as to Jacox, the judgment is a common law judgment. Suppose he had paid the

judgment; would it be competent for plaintiff to bring a new suit here, and take his chance of recovering a larger judgment? Payment of the judgment would not satisfy the original demand unless it was merged. Upon the principle contended for by plaintiff, Jacox, after payment of the judgment, would still be liable to a suit here, upon the same cause of action, in which his property owned jointly with Todd might be seized; and if personally served, any of his property.

The judgment is either an utter nullity, or it is a bar. If it destroyed the right of action as to one, it did as to both. A release of one is a release of both. A higher security is an extinguishment. These propositions can not be disputed.

Under the N. Y. law of 1801, which provided for a judgment and execution in form against all, though part only were served with process, but declared it should not be lawful to issue or execute any such execution against the body or the property of the person not served, it was uniformly held that the judgment merged the demand: 2 *Johns.* 87; 6 *Johns.* 98; 16 *Johns.* 66; 6 *Cow.* 695; 6 *Wend.* 206. Under the N. Y. Revised Statutes, from which ours are copied verbatim, there has been some conflict of decisions:— 23 *Wend.* 293; 1 *Hill*, 482; 4 *Denio*, 56; 4 *N. Y.* 514, 539; 13 *N. Y.* 504; 18 *N. Y.* 569, 572; 8 *N. Y.* 413. But it will be noticed that the restrictions upon the liability of the defendants not served with process, which were added in the N. Y. Revised Statutes, were omitted by the Code of 1851, and it would seem that the construction uniformly placed by the courts of that State on the act of 1801, should be regarded as the settled construction of the provisions on that subject in the Code.

CAMPBELL J.:

Plaintiff sued defendants upon a joint indebtedness— Todd only being served with process. He set up in bar

that plaintiff had recovered a judgment in New York upon the same claim. The judgment relied on was rendered in that State in form against both defendants, but upon personal service against Jacox alone.

The questions which are presented relate *first*, to the effect of such a judgment upon the original demand when set up in this State; and *second*, to the sufficiency of the evidence to establish such a judgment.

It is claimed on behalf of the defendants, that the New York judgment extinguished the original demand entirely, and that plaintiff was thereafter either entirely without remedy, or confined to a suit or other proceeding upon that judgment.

It was decided in *Candee v. Clark*, 2 *Mich.* 255, that a judgment against one joint debtor operated as a merger, and put an end to any action on the original contract against either. This decision was in accordance with an unbroken line of decisions at the common law, whereby a party electing to take a higher security, and thereby put an end to the liability of one debtor upon the contract, deprived himself of any further claim against the other by destroying the only joint demand. A party must always take such consequences as the law annexes to his election of remedies. And such were the consequences at common law where a sole judgment was obtained on a joint demand. The reasons are perhaps not as satisfactory as they might be, but the law was clear. There was nothing before the court in *Candee v. Clark*, to affect the common law rule.

While, however, at the common law such was the effect given to a common law judgment rendered in England, yet no such consequences attended a foreign judgment. A party might sue upon his original cause of action, or he might bring assumpsit upon the foreign judgment, which was regarded as mere evidence whereon to base a demand, and of no higher character than a simple

contract: — *Hall v. Odber*, 11 *East*, 118; *Smith v. Nicolls*, 5 *Bing. N. C.* 208.

Were it not for the Constitution of the United States, the judgments of sister States would be left on the footing of foreign judgments; and until the case of *Mills v. Duryea*, 7 *Cranch*, 483, was decided, they were very frequently, if not generally, regarded as open to the same investigation, and as not operating to merge the debt or demand sued upon: — *Bartlett v. Knight*, 1 *Mass.* 401; *Hitchcock v. Aicken*, 1 *Caines*, 460; *Taylor v. Bryden*, 8 *Johns.* 173; *Pawling v. Wilson*, 13 *Johns.* 792. But under the Constitution and laws of the United States, the judgment of one State is to have the same credit in another State as it has by law or usage in the courts of the State where it is rendered.

As the judgment rendered in New York against the defendants impleaded before us was without any service of process against Todd, and he never appeared in the suit, it can have no binding force upon him personally. This is a principle of universal justice, and has been directly applied to a similar judgment rendered in New York and sued upon in Louisiana, in the case of *D'Arcy v. Ketchum*, 11 *How.* 165. And the Court of Appeals of New York has decided expressly, that no claim can be averred against defendants jointly as arising out of such a judgment, because it has no validity as a personal judgment against the party not served and not appearing: — *Oakley v. Aspinwall*, 4 *Comst.* 514; *S. C.* 3 *Kern.* 500.

The question then arises whether, notwithstanding the insufficiency of such a judgment to create a personal liability against one of the defendants, its effect is to put an end to the original contract. No one can question the power of any State to regulate the forms of remedy in its own way against those who are personally served within its jurisdiction. And should a State impose upon a party suing in its courts upon a simple contract the ex-

tinguishment of that contract by a judgment which should not bind all of his debtors, we are not prepared to say that such a consequence could not be lawful. But if the laws of New York have imposed no such conditions upon parties suing under their joint debtor acts, we should be giving their judgments more than their domestic force, were we to impose them. This is very clearly explained in the case of *Suydam v. Barber*, 18 *N. Y.* 468. In that case, a suit was brought in New York on an original demand, against several defendants, and it was set up in bar that a sole action had been brought and a sole judgment been obtained against one of them in Missouri, whereby it was claimed the debt was merged. It appeared, however, that the law of Missouri provided that actions might be brought against any one or more of joint debtors, and that their obligation should be regarded as joint and several. Upon this the defense was held invalid. The court say, "according to the common law of this State, a judgment against one of several joint debtors, obtained in an action against him alone, is a bar to an action against the others: — (*Robinson v. Smith*, 18 *Johns.* 459; *Pierce v. Kearney*, 5 *Hill*, 82; *Olmstead v. Webster*, 4 *Seld.* 413.) It is held to be a bar upon the ground that, by the recovery of the judgment, the promise or cause of action, as to the party sued, has been merged and extinguished in the judgment, 'by operation of law, at the instance and by the act of the creditor.' This is plainly founded upon the nature and force of a judgment under our law, and not upon the idea that the creditor is deprived of his right for any other reason than that, by the first suit and judgment, he has placed himself in a position where he is unable, legally, to assert or enforce his demand. We can easily conceive that the Legislature might alter this rule, and enact that a judgment against one of several debtors should have no such effect. Such a law would be a mere modification of the remedy afforded

by our own legal process, and would be within the legislative authority of the State. These observations are made as showing that the consequences of a judgment, in respect to its effect as a merger or extinguishment of the original demand, are a part of the law under which the judgment itself is rendered, just as much as are those other common consequences of judgments, that a party may have execution upon them, and that they are not re-examinable on the merits of the controversy determined by them. In all these particulars, the effect of a judgment, in the government where it is rendered, is the subject of positive regulation by that government, just as it is the subject of positive regulation by what process and what courts judgment shall be rendered at all": *pp.* 470, 471. · In thus holding, the court recognise the propriety of former decisions where, as in *Candee v. Clark* in our own State, the common law presumption has been applied to foreign judgments in the absence of any proof of its abrogation.

We are of opinion that neither the analogies of the common law, nor the reasons on which the rule is based, can apply to the statutory proceedings in question, and we think the decisions of the New York courts confirm this view.

In commencing his action, the plaintiff, instead of manifesting a desire to look to a single defendant, sues them all. The judgment runs personally against one, but it is in form against both, and but for the want of power to reach the absentee, would be valid in every respect against both. Instead of being estopped from any further joint claim by entering it, the plaintiff is entitled, at any time, to bring in the remaining party by scire facias, whenever he can be found in the jurisdiction; and try the case over again as to him. In doing so he is obliged to resort to proof of the original demand; and his existing judgment can not avail him:—*N. Y. Code*, §§ 136, 375, 379.

The common law rule discharged the debtor who was

not bound by the judgment from all further liability in any shape. But under all the New York joint debtor acts, it has been held that the judgment was no bar to a further action. Their Revised Statutes, from which ours were, in this respect, borrowed, referred very plainly to such actions, and provided how far the judgment should be allowed to prevail as evidence. The only dispute has been whether such new action should be in form on the judgment or on the original demand. But the original demand was always to be made the real foundation of a recovery against the defendant not served in the former action. See *Mervin v. Kumbel*, 23 *Wend.* 293; *Bruen v. Bokee*, 4 *Denio*, 56. In *Oakley v. Aspinwall*, 4 *Comst.* 514, six out of the eight judges of the Court of Appeals held that no joint liability could be regarded as arising out of such a judgment. Jewett J. who concurred in this opinion, held that the Legislature having full power to determine in what form a remedy should be sought, the statute might permit an action upon the original demand to be in form upon the judgment, as more convenient, although anomalous. Bronson and Mullett JJ. thought the judgment should not be regarded as a ground of joint action. But no one has ever doubted the continuing liability of all parties. We can not, therefore, regard the liability as extinguished. And inasmuch as the new action must be based upon the original claim, while, as in the case of foreign judgments at common law, it may be of no great importance whether the action may be brought in form upon the judgment or on the primary debt, it is certainly more in harmony with our practice to resort to the form of action appropriate to the real demand in controversy. While we do not decide an action in form on the judgment to be inadmissible, we think the action on the contract the better remedy to be pursued.

As we do not regard the New York judgment as a

bar to the action before us, it is not necessary to examine the questions arising on the transcript of the judgment.

The judgment of the Circuit Court must be reversed, and a new trial granted.

The other Justices concurred.