By the Court.*—Garvin, J.
The defendant, on the 26th of September, 1865, falsely and fraudulently represented to the plaintiffs, with intent to cheat and defraud them, that he was worth the sum of ten thousand dollars, and on the faith of that representation, they sold him and he obtained from them a bill of goods, amounting to -nearly four thousand dollars. The plaintiffs, on the 14th of September, 1865, commenced an action in the Supreme Court, for goods sold and delivered, and obtained an order for the arrest of the defendant, whereon he was to be held to bail in the sum of four thousand dollars. Upon this order he was arrested and imprisoned. The defendant made and served his answer on the 14th of December, 1865, containing a general denial of the plaintiffs’ complaint.
The action in the Supreme Court is still pending. Being imprisoned and confined under and by virtue of the aforesaid order of arrest, the defendant applied to his Honor the City Judge, by petition, for exoneration of his person from imprisonment, and on the 14th of February, 1866, he was released and discharged, under the provisions of article Y., title I., part II., ch. 5 of the Revised Statutes.
After his release and discharge, and on the same day, an \ action was commenced in this court for fraudulently converting the plaintiffs’ goods, wherein an order of arrest was issued and the defendant thereupon arrested and re-imprisoned, it being for the same transaction for which an action upon contract was brought in the Supreme Court, the action in this court being for a tort.
A motion was made to vacate the order of arrest before a justice of this court, and granted upon the ground that pending an action upon contract for goods sold and delivered, no action can be maintained for the conversion of the same goods. The plaintiffs appealed.
It is contended on the part of the respondents, that the pendency of the suit in the Supreme Court establishes that *430 even if the debt was fraudulently contracted, the plaintiffs, by bringing that suit in the Supreme Court, have affirmed the contract, and should be held to abide by that, as an election of their remedy, and not be allowed to bring an .action for the conversion of the goods.
If the first action had proceeded to judgment, there can be no doubt that the plaintiffs’ cause of action would have been gone forever, both upon contract and in tort; but until judgment it is quite clear that "if the defendant pleaded the pendency of the former suit for the same cause of action, the plaintiffs could reply a discontinuance of such former suit, which would be a good replication (Averill v. Patterson, 10 N. Y. [6 Seld.], 501, 502). Until judgment, the plea is to the form of the remedy, in abatement of the action, but after judgment it is in bar to the right of recovery (Nichols v. Mason, 21 Wend., 339).
In either of these forms of action the defendant could be arrested at the commencement of the suit, and if judgment was recovered against him, imprisoned upon the execution.
Thus, as a matter of interest to the defendant, it could make no difference which form of action was pursued by the plaintiffs in the first instance. Upon the facts disclosed in'this case the plaintiffs had two remedies. An adjudication, upon either, either for or against the plaintiffs, would have been a bar to the other; but until such adjudication, I see no reason, on principle or authority, which would preclude a discontinuance of the first action and a resort to the second (Bank of Beloit v Beale, 7 Bosw., 611).
It is, however, quite another question, whether if a party hold the defendant to bail) by order in an action upon contract, upon which he is arrested, imprisoned, and is exonerated by due course of law from such imprisonment, he can pursue the same course of arrest and imprisonment in the second suit; especially where'the statute declares, that the person of such insolvent shall forever thereafter be exempted from imprisonment, for any debt due at the time of making such assignment, or contracted for before that time (2 Rev. Stat. 30, § 10).
This claim was a debt, so treated by the plaintiffs in the first action (though as it is alleged, fraudulently contracted), therefore falling directly within the provisions of article V., ch. 5, of 2 Rev. Stat., 30, § 10.
*431 This is a proceeding for the benefit of an insolvent debtor— not an insolvent imprisoned on execution in civil causes, but the case of an insolvent debtor imprisoned in a suit or proceeding, founded upon a contract or liability due at the time of his assignment (2 Rev. Stat., 31, § 11).
The plaintiffs say this was a debt; bring their suit upon the contract for goods sold and delivered; obtain an order of arrest upon the ground that the debt was fraudulently contracted, and instead of going for a conversion of the goods, insist upon a recovery upon the contract.
We think the défendant was properly discharged from imprisonment under the order of arrest, by the city judge, and that the case falls directly within the statute. But if the discharge is void, then the order of arrest in this court clearly should have been vacated, for the reason that the first order remained in full force, and a defendant should not' be imprisoned, or held under two orders of arrest at the same time, and founded upon the same transaction or cause of action. Both these actions are for the same cause, though the forms of action are different.
Assuming the discharge to be valid, can the defendant be arrested the second time for the same cause of action %
The general rule is that a man should not be arrested a second time for the same cause of action (Wells v. Guerney, 8 Barn. & C., 769), although the second arrest be in a different form of action, provided it be on the same cause (3 East, 309; 8 Taunt., 24; 3 D. & E., 189).
It is true it has been held, that if the plaintiff’s attorney has misconceived his form of action, he may discontinue, and hold the defendant in another action, for the same cause (Low v. Little, 17 Johns., 347); provided the discontinuance did not arise from any laches on the part of the plaintiff, and the second arrest does not appear to be vexatious. But that is not this case. It is a legal maxim that “ No man shall be twice arrested for the same cause.” This applies to the same jurisdiction, and is conceded to be the general rale.
We think it a safe rule, and one that is reasonable and easy of application, that where a defendant has been discharged from imprisonment under an order of arrest, by due course of law, he should not be re-arrested, and imprisoned a second time for the same cause; though in a different form of action. The order made at special term should be affirmed, with costs.

 Present Robertson, Ch. J., and Monell and Gabvtn, JJ.