GIDDINGS *vs.* WHITTLESEY AND CHITTENDEN.

---

GIDDINGS *vs.* WHITTLESEY AND CHITTENDEN.

A defendant sued here in assumpsit on a judgment rendered in Ohio on a cognovit may prove, under the plea of the general issue, any defence which in that State would be a good ground for setting aside the judgment, or an order to deliver up the cognovit to be cancelled.

*Berrien Circuit, October*, 1871.

*Clapp*, for Plaintiff.

*Ormsbee & Muzzy*, for Defendant Whittlesey.

Assumpsit on a foreign judgment.

*By the Court*, BLACKMAN, J.—The plaintiff sued the defend-

GIDDINGS *vs.* WHITTLESEY AND CHITTENDEN.

ants in assumpsit on a judgment of the Court of Common Pleas of Portage County Ohio.

To this, defendant Whittlesey who was the defendant served with process, pleaded the general issue.

By adopting this form of action the plaintiff subjected his case to all the rules of law relating to pleading and evidence in assumpsit. The judgment counted on creates the liability, which forms the consideration of the promise. 1 *Sanders on Pl. & Ev.*, 113.

Our statute, § 4550, does not in express terms make any change in the rules of pleading. *Gooding vs. Hingston*, 20 *Mich.*, 440.

The judgment counted on, when in evidence, proves all the allegations the plaintiff is bound to make out by proof in order to recover.

The effect of our statutory plea of the general issue is to require the plaintiff to prove all of his allegations which entitle him to a recovery according to the form of action he has adopted. 9 *Mich.*, 375.

Under his plea the defendant may prove without notice in this action a want of consideration. In short he may disprove every allegation the plaintiff must prove. 1 *San. Pl. & Ev.*, 138; 2 *Id.*, 720.

The judgment when introduced in evidence is as conclusive as when pleaded as an estoppel or counted on. 1 *Green. Ev.*, § 531. And this is so because of the intrinsic force of the judgment as a *res adjudicata*.

This conclusiveness depends on the nature of the record and on the tribunal. *Elliott vs. Green*, 10 *Mich.*, 116.

It has no higher dignity here than in the State of Ohio, and if inquirable into there it will be open to investigation here to the same extent, according to our rules of practice. *Wood vs. Watkinson*, 17 *Conn*, 505, 508, 510; *Bonesteel vs. Todd*, 9 *Mich.*, 376.

It is always competent to inquire into the jurisdiction of the Court, and if it is acquired by fraud the judgment is void. *Vose vs. Morton*, 4 *Cush.*, 27; *Bank of U. S. vs. Moss*, 6 *How.*, 39.

From the record in this case it appears that this court was one of general jurisdiction; that the cause of action was a money bond signed by both defendants, a *cognovit actionem* in the usual form, both dated June 3, 1860; that the suit was begun by process No-

vember 9, 1867, by filing a petition and *praecipe*, which process was returnable November 18th, 1867, and was indorsed with a notice that in case the defendants did not appear by December 7, 1867, judgment would be taken for $462 32, and was served on Chittenden December 12th, but not on Whittlesey, who had resided in this State since 1863, and was returned; that on the same day plaintiff took judgment by confession for $502 80 and costs, under the *cognovit*, and that this plea confessed the truth of the petition filed as commencement of suit by process.

The Court must presume in absence of proof to the contrary that the principles of the common law prevail in Ohio. That therefore it may look at the record for the purpose of determining the judgment. 20 *Mich.*, 440; cases cited in note 4, to sec. 541 of 1 *Gr. Ev.*

The defendant may disprove the jurisdiction. *Shumway vs Stillman*, 6 *Wend.*, 447.

While from the nature of the case the defendants can not dispute the judgment by plea and evidence directly, the plaintiff must strictly pursue his power of attorney, and the defendants may attack it by motion and a trial of a feigned issue. See 5 Hill, 497; 9 John. 79.

The judgment being subject to revision in the State where rendered is subject to revision here, but as the record is not of this court, the defence which might in Ohio have been tried on a feigned issue, may be here tried in a suit brought on the judgment.

For the conclusiveness of a judgment depends on the fact that it was rendered on a trial of the merits where the defendent had an opportunity to litigate. The court could obtain no jurisdiction over the person by the use of a void power of attorney nor by the fraudulent use by the plaintiff of a valid one; nor where the power is not strictly persued. *Gr Practice.*

For these reasons, the defendant W. was allowed to prove that plaintiff on payment to him of two per cent. additional interest over the lawful rate by defendent Chittenden, extended the time of payment without W's knowledge or consent from year to year till June 1867; that in the spring of 1867, C. became insolvent and went into bankruptcy and that W. was security on the bond for C., said plaintiff well knowing the same.

This is a defence to the action on the bond here, and in Ohio would support a motion to set aside the judgment. 1 *San Pl. & Ev* 527.